**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| THE STATE OF MICHIGAN, GOVERNOR OF THE STATE OF MICHIGAN, and MICHIGAN DEPARTMENT OF NATURAL RESOURCES,<br><br>             Plaintiffs,<br><br>v.<br><br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP, ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY PARTNERS, L.P,<br><br>             Defendants. | Case No.  1:20-cv-01142-JTN-RSK<br><br>Hon. Janet T. Neff |

**DEFENDANTS' REQUEST FOR A PRE-MOTION CONFERENCE**

Peter H. Ellsworth (P23657)
Jeffery V. Stuckey (P34648)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
pellsworth@dickinsonwright.com
jstuckey@dickinsonwright.com

Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3866
pderosier@dickinsonwright.com

John J. Bursch (P57679)
BURSCH LAW PLLC
9339 Cherry Valley Avenue SE, #78
Caledonia, MI 49316
(616) 450-4235
jbursch@burschlaw.com

David H. Coburn
William T. Hassler
Alice Loughran
Joshua H. Runyan
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

*Counsel for Defendants*

Defendants Enbridge Energy, Limited Partnership, Enbridge Energy Company, Inc., and Enbridge Energy Partners, L.P. (collectively, "Enbridge") respectfully request a pre-motion conference before filing a Rule 12(b)(6) motion to dismiss the Complaint.

The Complaint seeks to shut down an Enbridge international pipeline that has safely served the energy needs of multiple states and parts of Canada for over 65 years.  Compl. at 19, ECF No.1-1, PageID.37 (seeking an injunction requiring Enbridge to "cease operation of the Straits Pipelines").  Pipelines such as the one at issue are paradigm channels of interstate and foreign commerce.  As the Complaint acknowledges, this pipeline – known as Line 5 – crosses state borders and also crosses the U.S.-Canadian border under a 1953 Presidential Permit.  *Id.* ¶ 10, PageID.23.  Pursuant to its Commerce Clause powers, Congress has already determined that a single regulator—the Pipeline and Hazardous Materials Safety Administration ("PHMSA")—is the sole entity responsible for regulating pipeline safety uniformly, and thus expressly preempted states from imposing their own safety regulations.  49 U.S.C. §§ 60102(a)(1), 60104(c).

No function of PHMSA is more important than ensuring safety of pipeline operations.  Congress has mandated that when implementing pipeline policy, PHMSA's Administrator must "assig[n] and maintai[n] safety as the highest priority, recognizing the clear intent, encouragement, and dedication of Congress to the furtherance of the highest degree of safety in pipeline transportation and hazardous materials transportation."  49 U.S.C. § 108(b).  Exercising that authority, PHMSA has issued extensive regulations designed to comprehensively meet the need for "safely transporting hazardous liquids" and "protecting the environment" on a national basis.  49 U.S.C. § 60102(b)(1)(B)(ii).

Notwithstanding PHMSA's exclusive regulation of interstate pipeline safety, Plaintiffs rely on supposed safety risk to shut down the 4-mile portion of Line 5 located in a 1953 easement in

the Straits of Mackinac.  Although Line 5 has been operating for over 65 years without a release into the Straits, Plaintiffs now claim that due to "the inherent risks of pipeline operations," the continued operation of Line 5 in the Straits is inconsistent with state law.  Compl. ¶ 33, ECF No 1-1, PageID.27.  Plaintiffs filed this action in state court, and Enbridge removed the case to federal court.  As Enbridge explained, Plaintiffs' claims necessarily arise under federal law, regardless of whether plaintiffs' affix state law labels to their claims, and those claims require resolution in a federal forum.  *See* Notice of Removal, ECF No. 1, PageID.1-14.  Numerous governments in Canada and the United States, labor organizations, and others have already voiced their strong opposition to the shutdown order.

Enbridge now seeks permission to file a motion to dismiss under Rule 12(b)(6) because each of the three counts in the Complaint is rooted in perceived safety risks of Line 5's operations in the Straits, matters within exclusive federal purview.[1]  The heart of plaintiffs' case is in Count II.  Count II of the Complaint claims that Enbridge violated state safety standards for Line 5's operation in the Straits set forth in the 1953 easement—standards respecting matters such as span management, coating, and curvature—and thereby creating (in Plaintiff's view) "unreasonably risky operation" of the pipelines in the Straits.  This is a pipeline safety claim.  *Id.* ¶¶ 38-42, PageID.28-31.  Count III of the Complaint turns on the same safety arguments in Count II.  *Id.* ¶¶ 48-50, PageID.32-36.  Count I incorporates by reference Section I.C of the State's concurrent Notice of Revocation and Termination.  Compl. ¶ 29, ECF No. 1-1, PageID.27.  Section I.C of the Notice, in turn, relies on the "inherent risks" of pipeline operations and the purported

---

[1] We understand that Plaintiffs are planning to file a motion to remand the case to state court. Plaintiffs' anticipated motion to remand and Enbridge's motion to dismiss are in effect flipsides of the same motion and involve the same or substantially the same legal questions concerning the important federal law implications raised by this case.  If a motion to remand is filed, Enbridge respectfully suggests that a joint briefing schedule on the cross motions is appropriate.

2

environmental threat from any oil spill in the Great Lakes, transforming the State's common law public trust doctrine into a pipeline safety regulation. *See Id.* at Ex. 2, PageID.57-61.

Even assuming the truth of the Complaint's allegations (which Enbridge denies), federal law preempts Plaintiffs' claims. After the 1953 easement was executed, along with its purported safety standards, Congress enacted the Pipeline Safety Act. In a section entitled "Preemption," Congress precluded States from making the exact claims asserted here: "A State authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation." 49 U.S.C. § 60104(c). Congress thus determined that pipeline safety must be set and enforced uniformly to meet the *Nation's* interests. PHMSA has exclusive authority to issue any order providing for the shutdown of a pipeline based on safety concerns, or to impose restrictions to ensure a pipeline's safe operation. Pipeline Safety Act at 49 U.S.C. § 60117(o). The federal statute authorizes states to file injunction actions only in federal court, and even then, only when the pipeline is in violation of federal safety standards. 49 U.S.C. § 60121(a) (actions by private persons); 49 U.S.C. § 60101(a)(17) (defining a person to include a State).

This extensive and preemptive federal statutory scheme is dispositive here. Further, Plaintiffs' claims also undermine national interests reflected, e.g., in an energy pipeline treaty with Canada and severely infringe on the foreign policy decisions that are squarely in the purview of the U.S. Government's political branches. *See* Notice of Removal, ECF No. 1 ¶¶ 13-14, PageID.6-7. Enbridge is entitled to judgment as a matter of law. Accordingly, Enbridge respectfully requests a Pre-Motion Conference and permission to file a motion to dismiss.

Dated:  December 4, 2020                    Respectfully submitted,

/s/ *Peter H. Ellsworth*

Peter H. Ellsworth  (P23657)
Jeffery V. Stuckey (P34648)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
pellsworth@dickinsonwright.com
jstuckey@dickinsonwright.com

Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3866
pderosier@dickinsonwright.com

John J. Bursch (P57679)
BURSCH LAW PLLC
9339 Cherry Valley Avenue SE, #78
Caledonia, MI 49316
(616) 450-4235
jbursch@burschlaw.com

David H. Coburn
William T. Hassler
Alice Loughran
Joshua H. Runyan
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
dcoburn@steptoe.com
whassler@steptoe.com
aloughran@steptoe.com
jrunyan@steptoe.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, the foregoing was served upon Plaintiffs' counsel of record via the ECF filing system.

/s/ *Peter H. Ellsworth*

5