UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE STATE OF MICHIGAN,
GOVERNOR OF THE STATE OF
MICHIGAN, and MICHIGAN DEPARTMENT
OF NATURAL RESOURCES,       No. 1:20-cv-01142-JTN-RSK

   Plaintiffs,       HON. JANET T. NEFF

v

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, ENBRIDGE ENERGY
COMPANY, INC., and ENBRIDGE ENERGY
PARTNERS, L.P.,

   Defendants.
_____/

Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
reichelb@michigan.gov
bockd@michigan.gov
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PRE-MOTION
CONFERENCE REQUEST**

Plaintiffs the State of Michigan, Governor of the State of Michigan, and Michigan Department of Natural Resources (State) submit this Response to Defendants Enbridge Energy Limited Partnership, Enbridge Energy Company, Inc., and Enbridge Energy Partners, L.P. (Enbridge)'s December 4, 2020 Request for Pre-Motion Conference ECF No. 9.  Plaintiffs briefly summarize below their substantive grounds for opposing Enbridge's proposed Rule 12(b)(6) motion to dismiss the Complaint.

This case arises solely under Michigan law and involves the State's sovereign and proprietary rights to control the use of state-owned Great Lakes bottomlands. On November 13, 2020, the State, acting in both those capacities, issued a Notice of Revocation and Termination of Easement that, effective 180 days after the Notice, revoked and terminated the 1953 Easement that allowed construction of the Straits Pipelines.  Compl. ¶ 1 ECF No. 1-1, Page ID 131, Exhibit 1, Page ID 150–162, Exhibit 2, Page ID 164–183.

Plaintiffs filed their Complaint in state court seeking declaratory and injunctive relief to enforce the State's determinations in the Notice.  Compl. ¶ 3, ECF No. 1-1, Page ID 132.  Count I of the Complaint alleges that the State properly revoked the Easement based on the common law public trust doctrine.  *See Glass v Goeckel,* 473 Mich 667, 678–679 (2005).  Like the Notice, which the Complaint incorporates, Count I alleges that the presence of the Straits Pipelines violates the public trust in two ways.  First, the 1953 Easement was void from its inception because it conveyed interests in public trust bottomlands without due findings that

1

the transfer would either enhance the public trust or that it could be made without impairing the public trust.  Compl. ¶¶ 26–28 ECF No. 1-1, Page ID 137, incorporating Sections I.A and I.B of the Notice Page ID 165–168.  Second, the Complaint alleges that under the present circumstances, the presence of the exposed pipelines on bottomlands at a uniquely vulnerable and ecologically sensitive location in the heart of the Great Lakes presents "an extraordinary, unreasonable threat to public rights" and violates the public trust.  Compl. ¶¶ 29–34, ECF No. 1-1, Page ID 137–138, incorporating Section I.C. of the Notice Page ID 168–162.

Count II of the Complaint alleges that the Notice properly terminated the Easement based upon Defendants' persistent and incurable violations of several of the Easement's terms and conditions.  Compl. ¶¶ 37–44, ECF No. 1-1, Page ID 139–143, incorporating Section II.B of the Notice, Page ID 175–180.  The Easement is subject to termination for uncured breaches any of its terms and conditions.  *Id.*

Enbridge's proposed motion to dismiss the complaint is without merit.  The main premise of the motion is that the claims stated in the Complaint are an attempt to impose state "safety standards" for interstate pipelines preempted by the Pipeline Safety Act (PSA), 49 U.S.C. § 60104(c).  Request, ECF No. 9, Page ID 228.[1]  That is manifestly untrue, and driven by the unfounded notion that, by virtue of the PSA, only the federal Pipeline and Hazardous Materials and Safety Administration

---

[1] Plaintiffs also oppose Defendants' other arguments for dismissal, e.g. interstate and foreign commerce, and foreign affairs theories, and reserve the right address them and any other grounds for opposing the motion during briefing.

(PHMSA) now has the authority to determine whether Enbridge can use the State-owned bottomlands to operate the Straits Pipelines.  But the PSA does not work such a deprivation of state sovereignty.  Here, Count I is predicated on the State's sovereign and perpetual duty under the public trust doctrine to protect the Great Lakes and their bottomlands.  Count II seeks to enforce the contractual obligations that govern the Defendants' use of State-owned bottomlands.  The PSA does not extinguish the State's duty and capacity to vindicate these legal rights and interests in the use of the State's own lands.  The PSA itself makes clear that PHMSA is not authorized "to prescribe the location or routing" of the Straits Pipelines.  49 U.S.C. § 60104(e).  Accordingly, Defendants' proposed motion to dismiss should be denied.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
reichelb@michigan.gov
Date:  December 11, 2020          bockd@michigan.gov

LF:  Enbridge Straits (Dec & Inj Relief)(GOV)(DNR)WD/AG# 2020-0304222-B-L/Response to Request for Pre-Motion Conference 2020-12-11