UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE STATE OF MICHIGAN,
GOVERNOR OF THE STATE OF
MICHIGAN, AND MICHIGAN
DEPARTMENT OF NATURAL
RESOURCES,

      Plaintiffs,

v

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, ENBRIDGE ENERGY
COMPANY, INC., and ENBRIDGE ENERGY
PARTNERS, L.P.,

      Defendants.

No. 1:20-cv-01142-JTN-RSK

HON. JANET T. NEFF

---

Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
reichelb@michigan.gov
bockd@michigan.gov

          /

**PLAINTIFFS' REQUEST FOR PRE-MOTION CONFERENCE**

Plaintiffs, the State of Michigan, Governor of the State of Michigan, and Michigan Department of Natural Resources, respectfully request a pre-motion conference before filing a motion under 28 U.S.C. §1447(c) to remand this case to state court for lack of federal subject matter jurisdiction under 28 U.S.C. §1331.

Defendants have the burden of establishing that jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). In the original Notice of Removal, ECF No. 1, Page ID 116–123, and the Amended Notice of Removal, ECF No.12, Page ID 239–247, Defendants advance four alternative bases for federal jurisdiction, none of which withstand scrutiny.

First, Defendants rely on the rarely applied substantial-federal-question exception to the "well pleaded" complaint rule.[1] To qualify for this exception, the federal issue within a state law claim must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). All four elements are required.

Here, no federal issue is necessarily raised by the State's claims. An issue is "necessarily raised" when the plaintiff's case *itself* requires interpretation of federal law. *Id.* at 259 (plaintiff's legal malpractice claim necessarily required consideration of federal patent law involved in underlying case). The federal

---

[1]To determine whether a plaintiff's case arises under federal law, courts typically apply the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

1

statutes and treaties that Defendants cite are defenses, not necessary elements of Plaintiffs' claims. Federal issues related to likely defenses are not "necessarily raised." *See Miller v. Bruenger*, 949 F.3d 986, 992–93 (6th Cir. 2020) ("[D]efenses invoking federal law do not transform a state-law claim into a federal case."). Defendants' failure to satisfy the "necessarily raised" element of substantial-federal-question jurisdiction alone is fatal to their argument.[2]

Second, Defendants' reliance on the Federal Officer Removal statute (Notice, ECF No. 1, Page ID 123–124), is likewise misplaced. Defendants are plainly not a federal "officer (or any person acting under that officer)" within the meaning of 28 U.S.C. §1442(a)(1). The gravamen of the Complaint is that the continued presence of Defendants' pipelines on state bottomlands violates the public trust doctrine and the terms of the 1953 Easement. The Pipelines and Hazardous Materials and Safety Administration (PHMSA) merely regulates the *manner in which Defendants operate* the Pipelines. PHMSA has no role in determining the location of the Pipelines. 49 U.S.C. §60104(e). Nor does PHMSA mandate that Defendants operate them. "[M]ere regulation of private entities cannot justify removal under the statute." *Sawyer v Foster Wheeler, LLC,* 860 F. 3d 249, 255 (4th Cir. 2017).

Third, Defendants mistakenly assert that "the Complaint arises under federal common law" arguing that Plaintiffs' claims "*implicate* …uniquely federal interests" in navigable waters, international affairs and commerce, and

---

[2] Plaintiffs will address the remaining elements in briefing on the remand motion.

environmental protection.  ECF No. 12, Page ID 239–246 (emphasis added).  Again, Defendants attempt to conflate potential defenses with issues "necessarily raised" in the Complaint in the hope of unmooring the State's sovereign rights and duties as to the state-owned bottomlands from their proper, long-settled state-law basis.[3]

Finally, while the Complaint does refer to the potential of future damage to the Pipelines from vessels navigating in the vicinity, it is not brought against vessel operators and thus is not, as Defendants assert, within this Court's admiralty jurisdiction, ECF No. 12, Page ID 246–247.

For these reasons, Plaintiffs request permission to file a motion to remand.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
reichelb@michigan.gov
bockd@michigan.gov

Date:  December 15, 2020

LF:  Enbridge Straits (Dec & Inj Relief)(GOV)(DNR)WD/AG# 2020-0304222-B-L/Plaintiffs' Request for Pre-Hearing Conference 2020-12-15

---

[3] Given the page limitations of the present Request, detailed response to Defendants' various common law theories will be deferred to briefing on the motion.