**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| THE STATE OF MICHIGAN, GOVERNOR OF THE STATE OF MICHIGAN, and MICHIGAN DEPARTMENT OF NATURAL RESOURCES, <br><br> Plaintiffs, <br><br> v. <br><br> ENBRIDGE ENERGY, LIMITED PARTNERSHIP, ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY PARTNERS, L.P, <br><br> Defendants. | Case No.  1:20-cv-01142-JTN-RSK <br><br> Hon. Janet T. Neff |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
REQUEST FOR A PRE-MOTION CONFERENCE**

Peter H. Ellsworth (P23657)
Jeffery V. Stuckey (P34648)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
pellsworth@dickinsonwright.com
jstuckey@dickinsonwright.com

Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3866
pderosier@dickinsonwright.com

John J. Bursch (P57679)
BURSCH LAW PLLC
9339 Cherry Valley Avenue SE, #78
Caledonia, MI 49316
(616) 450-4235
jbursch@burschlaw.com

David H. Coburn
William T. Hassler
Alice Loughran
Joshua H. Runyan
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

*Counsel for Defendants*

Defendants Enbridge Energy, Limited Partnership, Enbridge Energy Company, Inc., and Enbridge Energy Partners, L.P. (collectively, "Enbridge") submit this response to Plaintiffs' Request for a Pre-Motion Conference.  Plaintiffs seek leave to file a motion to remand to state court for lack of subject-matter jurisdiction under 28 U.S.C. § 1331.  ECF. No. 15.  In removing this case to federal court, however, Enbridge followed the path laid out in the governing precedent.

As Plaintiffs admit, removal is proper when a federal issue is "necessarily raised" in a state-law claim even when the complaint does not expressly invoke that issue.  ECF. No. 15 at p. 1, PageID.256; *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005) (quiet title action required plaintiff to prove that he was not given proper notice of seizure under federal statute).  In *Grable*, the Court reiterated that a state-law claim gives rise to federal-question jurisdiction if it "appears from the complaint that the right to relief depends upon the construction or application of federal law."  *Id*. at 313 (cleaned up).  This is precisely the situation here.  The right to relief depends in significant part on the scope of the State's ownership over the Straits of Mackinac bottomlands.  The State's bottomlands ownership is burdened by federal law.  This Court's interpretation of those federal laws is necessary because they must be resolved in Plaintiffs' favor for Plaintiffs to prevail.

Enbridge operates a pipeline—known as "Line 5"—that crosses state borders and the U.S.-Canadian border.  Compl. at ¶ 10, ECF No.1-1, PageID.23.  In Michigan, part of the pipeline crosses the Straits of Mackinac bottomlands pursuant to an easement the State issued in 1953.  Compl. at ¶ ¶ 10, 15, ECF No.1-1, PageID.23-24.  According to the Complaint, Michigan "took title to all unpatented bottomlands of navigable waters within its boundaries, including those in the Great Lakes at the Straits of Mackinac," in 1837 when the State was admitted to the Union.  Compl. at ¶ 4, ECF No.1-1, PageID.21-22.  Plaintiffs assert that the State's status as owner gives

1

it the authority to permanently shut down Enbridge's operations as a purported violation of the public trust doctrine.  Compl. at ¶¶ 21-22, ECF No.1-1, PageID.24.  (Enbridge will prove that the pipelines across the Straits have always operated safely, though that issue is irrelevant to jurisdiction.)  But the two links in Plaintiffs' public-trust affirmative case—(1) the State's sole ownership in the bottomlands where Line 5 operates, and (2) the State's authority based on that ownership to terminate pipeline operations—both turn on federal law.

The State's ownership of submerged lands is not unfettered but subject to the United States' "paramount" rights to regulate those lands "for the constitutional purposes of commerce . . . and international affairs."  Federal Submerged Lands Act (FSLA), at 43 U.S.C. § 1314(a).  Thus, while the States were given ownership of the submerged lands at the time of entering the Union, this "property was burdened *from the beginning* by this reservation of rights."  *Weaver's Cove Energy v. Rhode Island Coastal*, 583 F. Supp. 2d 259, 283 (D. R.I. 2008) (emphasis added), citing *United States v. Rands*, 389 U.S. 121, 122-23 (1967).

Here, exercising its constitutional powers, the federal government has burdened the State's ownership over the bottomlands at issue in at least two different ways.  *First*, by way of a treaty with Canada, the United States limited the State's authority to permanently shut down Line 5's operations.  In 1977, the United States entered into an international treaty—ratified by President Carter—that addresses international pipelines carrying crude oil, natural gas liquids and other hydrocarbons, including Line 5.  Transit Pipelines Agreement, 28 UST 7449, 1977 WL 181731 (entered into force Oct. 1, 1977); Senate Executive Report No. 95-9, 95th Congress, 1st Session (July 15, 1977), pps. 58, 80 (identifying Line 5 as one of the covered pipelines).  This treaty governs not only the "pipeline or any part thereof" but also "all real . . . property . . . connected therewith …"  *Id*. at Article I.  The treaty provides that "[n]o public authority in the territory of

either Party shall institute any measures" that permanently block the "transmission of hydrocarbon in [pipeline] transit," *id.* at Article IV, the exact relief Plaintiffs seek here. *Second*, by statute, Congress has expressly prohibited the State from shutting down an interstate pipeline on the basis of perceived safety risks in pipeline operations. *E.g.*, Pipeline Safety Act at 49 U.S.C. §§ 60104(c), 60117(o). Unlike the typical action involving property rights, resolving federal issues is an "essential part[ ] of the plaintiffs' cause of action," and "it is plain that a controversy respecting the construction and effect of the federal laws is involved and is sufficiently real and substantial." *Grable*, 545 U.S. at 315-16 (cleaned up).

Courts have found removal jurisdiction proper under similar circumstances. *E.g.*, *State of Ark. v. Tex. Gas Transmission Corp.*, 171 F. Supp. 413, 416-17 (E.D. Ark. 1959) (removal proper in trespass action filed by State, as "sole owner" of river bed, to enjoin operations of pipelines laid on the bed of the river since the State's ownership of river bed is subject to U.S.'s "paramount and superior" rights under the Commerce Clause, as set forth in FSLA, 43 U.S.C. § 1314), *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1234-35 (10th Cir. 2006) (landowners' state-law claims against railroad for trespass and unjust enrichment depended on construction of the federal grant of right-of-way), and the cases cited therein.

Accordingly, removal is appropriate under *Grable*. Enbridge identified additional grounds for removal in its Notice of Removal but, due to space limitations, does not elaborate further on those removal grounds here. Dkt. Nos. 1, 12. If the Court believes full briefing would be helpful, Enbridge respectfully suggests setting a joint briefing schedule on Enbridge's motion to dismiss under Rule 12(b)(6) and Plaintiffs' motion for remand. The issues in those motions are closely intertwined, and joint briefing will allow for a more efficient disposition of both motions. *See* ECF No. 14 at 2 n.1, PageID.253.

Dated this 22nd of December, 2020

Respectfully submitted,

/s/ *Peter H. Ellsworth*

Peter H. Ellsworth  (P23657)
Jeffery V. Stuckey (P34648)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
pellsworth@dickinsonwright.com
jstuckey@dickinsonwright.com

Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3866
pderosier@dickinsonwright.com

John J. Bursch (P57679)
BURSCH LAW PLLC
9339 Cherry Valley Avenue SE, #78
Caledonia, MI 49316
(616) 450-4235
jbursch@burschlaw.com

David H. Coburn
William T. Hassler
Alice Loughran
Joshua H. Runyan
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
dcoburn@steptoe.com
whassler@steptoe.com
aloughran@steptoe.com
jrunyan@steptoe.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, the foregoing was served upon Plaintiffs' counsel of record via the ECF filing system.

> */s/  Peter H. Ellsworth*
>
> Peter H. Ellsworth (P23657)

5