IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, et al., </br></br>Plaintiffs,</br></br>v.</br></br>GRETCHEN WHITMER, et al.,</br></br>Defendants. | Case No. 1:20-cv-1141</br></br>Hon. Janet T. Neff |
| THE STATE OF MICHIGAN, et al.,</br></br>Plaintiffs,</br></br>v.</br></br>ENBRIDGE ENERGY, LIMITED PARTNERSHIP, et. al,</br></br>Defendants. | Case No. 1:20-cv-01142</br></br>Hon. Janet T. Neff |

**RESPONSE TO MOTION TO ENFORCE TERMS OF MARCH 19, 2021 NOTICE OF APPOINTMENT OF FACILITATIVE MEDIATOR**

The State parties ("State") have filed an extraordinary motion seeking to preemptively bar the parties' agreed-upon mediator from filing under seal certain procedural recommendations that he believes may assist this Court in this proceeding's disposition. Despite unique issues in this case arising from its international implications, the State parties say that this Court should not even hear those recommendations because the mediator—a well-respected, former federal chief judge who has mediated many cases of national import—*might* breach confidentiality in some undefined respect. But the State's concern is unfounded; there is nothing in the mediator's sealed recommendations that would reveal or implicate confidential mediation information. Quite the opposite, it is the State which has made an unprecedented public filing improperly disclosing

information beyond that permitted by the Notice of Appointment of Facilitative Mediator. The State's motion should be summarily denied so that this Court can assess the mediator's procedural recommendations.

## BACKGROUND

In these consolidated actions, the parties have been engaged in facilitative mediation since March of this year. Following the September 9, 2021 mediation session, after negotiating the language, the parties filed an agreed joint status report that the session was "completed without a settlement." (Case No. 1:20-cv-1141, ECF No. 30, PageID.213; Case No. 1:20-cv-1142, ECF No. 61, PageID.926.) Yet mere hours later, the State filed a separate motion styled "Motion to Enforce Terms of March 19, 2021 Notice of Appointment of Facilitative Mediator." There, the State provided additional information on the mediation that Enbridge had not agreed to submit in the joint report. (Case No. 1:20-cv-1141, ECF Nos. 31 and 32, PageID.215-225; Case No. 1:20-cv-1142, ECF Nos. 62 and 63, PageID.928-938.)

In its motion, the State raises concerns about a set of procedural recommendations to the Court that the mediator plans to submit under seal in this matter. (Case No. 1:20-cv-1141, ECF No. 31, PageID.218, and ECF No. 32, PageID.223; Case No. 1:20-cv-1142, ECF No. 62, PageID.931, and ECF No. 63, PageID.936.) The mediator, Gerald E. Rosen, orally advised the parties of his recommendations a few days in advance of the filing of the State's motion, following a September 9 mediation session.[1] The mediator further made clear that he would provide a final copy of his recommendations to the parties when he provided the document under seal to the Court. The recommendations are short and neutral in tone. They are entirely forward looking, concerning only possible next steps that the Court might consider to address certain unique elements of this

---

[1] The motion discloses that the mediator advised the State on September 12. The proposed recommendations were also discussed at the September 9 mediation session.

2

case. The recommendations do not disclose the substance of the parties' discussions in the mediation or any negotiating position taken by any party. Indeed, the mediator has appropriately and repeatedly made clear that he has no intention of breaching confidentiality in his recommendations.

## THE STATE'S UNUSUAL MOTION SHOULD BE DENIED

In preparing his recommendations, the mediator is doing precisely what he is supposed to: look for ways to make the mediation productive and bring to the Court's attention – in a confidential manner – possible procedural steps that the Court may want to consider. To the extent that the Court has questions about the report's details, the mediator can confidentially respond to them directly, quickly, and efficiently without involvement of the parties. And to the extent that the Court believes that soliciting the views of the parties on the recommendations through a closed-door conference would be useful, that would be the proper channel for the State and Enbridge to make their views known.

The State's motion purports to be based on concerns about confidentiality. (See, e.g., Case No. 20-cv-1141, ECF No. 31 at 5, PageID.219, and ECF No. 32, PageID.224; Case No. 20-cv-1142, ECF No. 62 at 5, PageID.932, and ECF No. 63, PageID.937.) But the mediator has advised both parties that he only intends to propose two procedural recommendations for consideration by the Court to advance the mediation's effectiveness. He has said nothing to suggest that he seeks or plans to disclose any party communications that occurred during the mediation. Nor has he stated an intent to reveal the conduct or demeanor of the parties and their counsel during the mediation sessions. Nothing in the State's motion suggests otherwise. The mediator's proposed sealed submission thus fully complies with the confidentiality requirements of the Notice of Appointment of Facilitative Mediator [Case No. 20-cv-1141, ECF No. 20, PageID.131-132; Case No. 20-cv-1142, ECF No. 25, PageID.318-319], as well as Local Civil Rule 16.3 and the ADR

3

Program Description, on which the State bases its motion.  **In fact, it is the State's unsealed motion that improperly publicly discloses confidential information.  At paragraphs 7 and 8 of its motion, the State discloses details of the mediation's status that the parties chose *not* to include in their joint status report.  Such unexplained and unjustified disclosures would have been improper even if the State had filed its motion under seal.**

Further, the premise of the State's argument is legally faulty.  The State argues that the mediator can do no more than make the submission contemplated in the Notice of Appointment [Case No. 1:20-cv-1142, ECF No. 20, PageID.132; Case No. 1:20-cv-1142, ECF No. 25, PageID.319], which requires that the mediator submit a written report within seven days of the "completion of [a] mediation session."  Judge Rosen is aware of his obligations as a mediator.  He filed a one-page report, using the Court's form for such reports, on September 14 that stated that no settlement was reached on September 9 but that the mediation itself was "continuing" and that its status was to be determined.  (Case No. 1:20-cv-1141, ECF No. 34, PageID.228.)

The State's contention that the mediator may do no more is wrong.  Nothing in the Notice or the Court's applicable rules says that the mediator must not otherwise communicate with the Court, provided that confidentiality is preserved.  The unique circumstances presented in this case would in fact appear to justify the mediator's proposed action, which is fully consistent with the goal of assisting the parties in reaching a resolution of their dispute.  (*See* Notice of Appointment, Case No. 1:20-cv-1141, ECF No. 20, PageID.131; Case No. 1:20-cv-1142, ECF No. 25, PageID.318.)  This dispute is extraordinarily complex and carries international implications.  The Government of Canada filed an amicus brief, explaining that the State's shutdown order implicates a binding, bilateral treaty between the United States and Canada.  (Case No. 1:20-cv-1142, ECF No. 45 at 1, PageID.550).  Numerous high-level communications concerning that Treaty have already occurred between key U.S. and Canadian decisionmakers—including the U.S. President

4

and members of his cabinet and the Canadian Prime Minister and ministers in the Canadian Government.  (Case No. 1:20-cv-1142, ECF Nos. 52, PageID.855, and 55-1, PageID.869-871.)  As reported by the mediator, the last mediation session was attended by the Governor of Michigan and the CEO of Enbridge, who traveled from Calgary, Canada to Lansing to participate.  (Case No. 1:20-cv-1141, ECF No. 34, PageID.228.)  Following that session, the mediator advised both parties that he has developed procedural recommendations for moving forward with the case that take into account its complexity and international implications.

In proposing a confidential communication with the Court, the mediator is complying with the language and purpose of the Notice of Appointment. There is nothing improper in offering the Court procedural recommendations in a sealed submission.  Doing so does not breach the confidentiality provisions for mediation, which the mediator's most recent report makes clear has not, in his view, come to an end.

Finally, Enbridge recognizes that a negotiated resolution may take time given the multi-dimensional and international nature of the dispute and will require creative thinking.  In the end, Enbridge remains committed to reaching a mutually acceptable resolution.   Since the mediator's recommendations are fully consistent with the Notice's purpose and do not violate the applicable confidentiality requirements, the Court should permit the mediator to submit his recommendations. The State's motion should be summarily denied.[2]

Dated this September 15, 2021                                              Respectfully submitted,

                                                                                                  s/   Peter H. Ellsworth

---

[2] The State has proposed in its motion the possibility that the Court might convene an in-chambers conference.  Enbridge would be pleased to participate in any such conference that the Court might choose to convene, which offers a far better vehicle for addressing matters relating to possible resolution of this case or the mediator's recommendations than the kind of public motion the State has inexplicably filed.  Enbridge has no objection if the Court believes it would be useful to request the mediator's attendance at such a conference.

        Peter H. Ellsworth (P23657)
        Jeffery V. Stuckey (P34648)
        DICKINSON WRIGHT PLLC
        123 W. Allegan Street, Suite 900
        Lansing, MI 48933
        (517) 371-1730
        pellsworth@dickinsonwright.com
        jstuckey@dickinsonwright.com

        Phillip J. DeRosier (P55595)
        DICKINSON WRIGHT PLLC
        500 Woodward Avenue, Suite 4000
        Detroit, MI 48226
        (313) 223-3866
        pderosier@dickinsonwright.com

        John J. Bursch (P57679)
        BURSCH LAW PLLC
        9339 Cherry Valley Avenue SE, #78
        Caledonia, MI 49316
        (616) 450-4235
        jbursch@burschlaw.com

        David H. Coburn
        William T. Hassler
        Alice E. Loughran
        Joshua H. Runyan
        Mark C. Savignac
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, NW
        Washington, DC 20036
        (202) 429-3000
        dcoburn@steptoe.com
        whassler@steptoe.com
        aloughran@steptoe.com
        jrunyan@steptoe.com
        msavignac@steptoe.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, the foregoing motion was served on all parties of record via the ECF filing system.

s/   Peter H. Ellsworth
Peter H. Ellsworth (P23657)
