大成 DENTONS

**Gordon D. Giffin**

gordon.giffin@dentons.com
D   +1 404-527-4020

Dentons US LLP
1900 K Street, NW
Washington, DC  20006
United States

dentons.com

October 4, 2021

The Honorable Janet T. Neff
U.S. District Court for the Western District of Michigan
401 Federal Building
110 Michigan St. NW
Grand Rapids, MI 49503

Re:   *Michigan, et al. v. Enbridge Energy, et al.*, No. 1:20-cv-01142-JTN-RSK

Dear Judge Neff:

We write on behalf of our client, *amicus curiae* the Government of Canada ("Canada"), to update and clarify the information before the Court on a matter relevant to its consideration of plaintiff Michigan's pending motion to remand. The undersigned is simultaneously serving a copy of this letter on counsel of record for all parties and *amici* in this proceeding.

Background

As the Court is aware, Canada's *amicus* brief (ECF No. 45) focuses on the 1977 *Agreement between the Government of the United States and the Government of Canada concerning Transit Pipelines*, 28 U.S.T. 7449 (1977) ("1977 Treaty"), which is also addressed in other briefs before the Court.  *See* Enbridge Br. (ECF No. 47) at PageID.593-594, 600-601, 603-610; NABTU Amicus Br. (ECF No. 48) at PageID.645, 648; Chambers Amicus Br. (ECF No. 49) at PageID.663; Michigan Rpy. Br. (ECF. No. 51) at PageID.835, 838, 840-843, 845, 852.

Canada's brief explained that:

> The United States undertook a solemn and reciprocal commitment to Canada in the [Treaty] not to interfere with the operations of international hydrocarbon transit pipelines (such as Line 5) absent specific justifications.  That obligation, with legally binding effect under international law, expressly applies to any measures instituted by "a public authority in the territory of either Party" — including the State of Michigan and this Court. 1977 Treaty, Art. II(1).  The Treaty also includes

Sirote ▪  Adepetun Caxton-Martins Agbor & Segun ▪  Davis Brown ▪  East African Law Chambers ▪  Eric Silwamba, Jalasi and Linyama ▪ Durham Jones & Pinegar ▪  LEAD Advogados ▪  Rattagan Macchiavello Arocena ▪  Jiménez de Aréchaga, Viana & Brause ▪  Lee International ▪ Kensington Swan ▪  Bingham Greenebaum ▪  Cohen & Grigsby ▪  Sayarh & Menjra ▪  For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

a mechanism for settling disputes at the national government level. 1977 Treaty, Art. IX.

Canada Amicus Br. (ECF No. 45) at PageID.550-551.  Canada requested that "this Court should hold adversarial litigation on Michigan's complaint (including its motion to remand) in abeyance pending completion of Treaty related discussions" between the two Treaty Parties, the United States and Canada, consistent with the dispute resolution process set forth in Article IX of the 1977 Treaty.  *Id.* at PageID.561.

Michigan has argued against Canada's request for abeyance, stating: "While there have apparently been communications between officials of each government, there is no evidence that negotiations under the Treaty itself are in progress."  Michigan Rpy. Br. (ECF No. 51) at PageID.852; *see also* Michigan Opp. To Enbridge Mot. for Leave to File Supp. Br. (ECF No. 58) at PageID.881.

Additional Information

Canada wishes to inform the Court that, earlier today, Canada formally invoked Article IX of the 1977 Treaty by presenting to the United States, through diplomatic channels, a formal request for negotiations under Article IX(1).  That formal request notes that, under the terms of its Article II, the Treaty provides that "No public authority in the territory of either Party shall institute any measures (…) which are intended to, or which would have the effect of, impeding, diverting, redirecting, or interfering with in any way the transmission of hydrocarbons in transit."

As Canada explained in its *amicus* brief, the Article IX process that Canada has now commenced is the process selected by the Treaty to resolve disputes regarding its interpretation, application or operation.  *See* Canada Amicus Br. (ECF No. 45) at PageID.557-558.  Moreover, the Treaty is self-executing under U.S. law.  *See id*. at PageID.557.  Accordingly, it is neither necessary nor proper for this Court (or any other domestic court) to make any determinations that could undermine, conflict or interfere with the obligations and processes established by the Treaty.  *See id*. at PageID.558-560.

Canada respectfully submits that with the triggering of the Treaty's dispute settlement process, the Court should hold proceedings relating to Michigan's Line 5 shutdown order in abeyance while the Article IX process is ongoing.  *See id*. at PageID.561-62.  Any decisions by the Court could then be informed by the outcome of that process.

Respectfully submitted,

*[signature: Gordon D. Giffin]*

Gordon D. Giffin
Counsel for *Amicus Curiae*
Government of Canada

## PROOF OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

October 4, 2021

*/s/ Gordon D. Giffin*
Gordon D. Giffin
Dentons US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA  30308