STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. BOX 30755
LANSING, MICHIGAN 48909

**DANA NESSEL**
ATTORNEY GENERAL

October 6, 2021

The Honorable Janet T. Neff
U.S. District Court for the Western District of Michigan
401 Federal Building
110 Michigan St., NW
Grand Rapids, MI 49503

      Re:   *State of Michigan, et al. v. Enbridge Energy, et al.*
            Case No. 1:20-cv-01142

Dear Judge Neff:

      Plaintiffs ("the State") write in response to the letter submitted to the Court by counsel for *amicus curiae,* the Government of Canada ("Canada") on October 4, 2021 (ECF No. 69) ("Canada's letter"). That letter first states that it "update[s] and clarif[ies] information before the Court on a matter *relevant to its consideration of plaintiff Michigan's pending motion to remand."* (PageID.956 [emphasis added].) Second, the letter renews Canada's previous suggestions in its amicus brief (ECF No. 45) and June 21, 2021 letter to the Court (ECF No. 52) that the Court should hold in abeyance its consideration of the pending, fully briefed motion to remand. (ECF No. 69, PageID.958.)

      Canada is wrong on both counts. To begin, neither the 1977 Transit Pipelines Treaty itself nor Canada's recent invocation of the dispute resolution process contained in Article IX of the Treaty are relevant to the sole legal issue now before this Court: whether it has jurisdiction over the State's complaint removed by Enbridge. As explained in the State's remand briefing,[1] the 1977 Treaty and foreign affairs issues invoked by Enbridge are at most ordinary defenses, not matters that could support removal under one of the two established exceptions to the well-pleaded complaint rule: the *Grable* "substantial federal question" doctrine, *see Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005),

---

[1] See State's opening brief (ECF No. 42, PageID.488), reply brief (ECF No. 51, PageID.840, 842) and brief in opposition to Defendants' motion for leave to file supplemental brief (ECF No. 58, PageID.882.)

The Honorable Janet T. Neff
Page 2
October 6, 2021

and complete preemption, *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Nothing about Canada's decision to request Treaty negotiations with the United States changes those legal conclusions or renders the Treaty any more relevant to the threshold issue of removal jurisdiction presented in the motion to remand. Canada has not argued otherwise.

Canada's policy concerns are likewise irrelevant to the Court's jurisdictional analysis. In an analogous case where parties invoked foreign policy concerns to oppose remand, the Ninth Circuit rejected "the proposition that the federal courts may assert jurisdiction over a case simply because a foreign government has expressed a special interest in its outcome." *Patrickson v. Dole Food Co.*, 251 F.3d 795, 803 (9th Cir. 2001). The court reasoned:

> [W]e see no logical connection between [any effect a pending lawsuit may have on a foreign government's sovereign interests] and the assertion of federal-question jurisdiction. That the case is litigated in federal court, rather than state court, will not reduce the impact of the case on the foreign government. Federal judges cannot dismiss a case because a foreign government finds it irksome, nor can they tailor their rulings to accommodate a non-party. Federal judges, like state judges, are bound to decide cases before them according to the rule of law. If a foreign government finds the litigation offensive, it may lodge a protest with our government; our political branches can then respond in whatever way they deem appropriate—up to and including passing legislation. Our government may, of course, communicate its own views as to the conduct of the litigation, and the court—whether state or federal—can take those views into account. But it is quite a different matter to suggest that courts—state or federal—will tailor their rulings to accommodate the expressed interests of a foreign nation that is not even a party.

*Id.* at 803. Put another way, "If courts were to take the interests of the foreign government into account, they would be conducting foreign policy . . . . Because such political judgments are not within the competence of either state or federal courts, we can see no support for the proposition that federal courts are better equipped than state courts to deal with cases raising such concerns." *Id.* at 804.

Consonantly, although Canada opposed remanding this action, Canada has never argued that its policy concerns justify removal. *See generally* Canada Amicus Br. (ECF No. 45); Canada Letter (ECF No. 69.)

The Honorable Janet T. Neff
Page 3
October 6, 2021

Second, the 1977 Treaty and Canada's recent invocation of its dispute resolution process do not warrant holding this case in abeyance. Canada's October 4, 2021 letter (ECF No. 69, PageID.957) attempts to imbue its action with meaning by observing that, in prior briefing, the State noted that there was no evidence at the time that negotiations under the Treaty were then in progress. But the State's clarification of Canada's representations to the Court at that time does not render its bid for abeyance any more legitimate. And it cannot be used to gloss over the fundamental reason that the State has opposed Canada's (and Enbridge's) abeyance requests: the complete absence of any legal support for that action. (ECF No. 51, PageID.852) and (ECF No. 58, PageID.883.)

Canada's most recent letter, like its prior submissions to this Court, is devoid of any legal authority or persuasive argument for its assertion that this Court should decline to rule on the pending motion to remand. Canada suggests abeyance is needed because "it is neither necessary nor proper for this Court (or any other domestic court) to make any determinations that could undermine, conflict or interfere with the obligations and processes established by the Treaty." (ECF No. 69, PageID.957.) But it wholly fails to substantiate this apparent concern, let alone explain how a ruling on the State's motion for remand might trigger it. Indeed, there is simply nothing to indicate that this Court's determination of jurisdiction over the lawsuit between the State and Enbridge might somehow run afoul of the Treaty between the United States and Canada. To the contrary, were this Court to simply abey this case as Canada desires, it would be unduly "tailor[ing its] rulings to accommodate the expressed interests of a foreign nation that is not even a party," *Patrickson*, 251 F.3d at 803, while effectively presuming jurisdiction and control over the case without proper regard for the state court where it was filed and belongs. *See, e.g., id.* at 804 ("Because such political judgments are not within the competence of either state or federal courts, we can see no support for the proposition that federal courts are better equipped than state courts to deal with cases raising such concerns."); *see also Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990) ("Under our system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." (quotation omitted)).

It has been nearly a year since the State filed this lawsuit in Ingham County Circuit Court, to vindicate its sovereign right to control the use of State-owned Great Lakes bottomlands, to discharge its duty under the public trust doctrine to protect those lands and waters, and to enforce the terms of contractual agreements between the State and Enbridge. Staying this case based on some speculative outcome of international treaty negotiations would deprive the State of its ability to protect these core sovereign interests while indefinitely enshrining the status quo

The Honorable Janet T. Neff
Page 4
October 6, 2021

that Enbridge desires.  A ruling by this Court on the motion to remand would simply fulfill its responsibility to determine the threshold issue of jurisdiction.  It would not determine the merits of the State's claims or Enbridge's various defenses, including the alleged preemptive effect of the Treaty; those issues will be separately considered by whatever court is ultimately determined to have jurisdiction over the State's complaint.  The parties to the Treaty, including Canada, will remain free to proceed in accordance with its terms.

      Since this Court has properly denied Defendants' motion for leave to file a supplemental brief (ECF No. 68), the briefing on the motion to remand has been completed.  Accordingly, the State respectfully requests that the Court rule, without delay, on the pending motion to remand.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
ReichelB@michigan.gov
BockD@michigan.gov

RPR:jg

LF:  Enbridge Straits (Dec & Inj Relief)(GOV)(DNR)WD/AG# 2020-0304222-B-L/Letter – Neff, Hon. Janet T. 2021-10-06