UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIO

| | |
|---|---|
| STATE OF MICHIGAN, GOVERNOR OF THE STATE OF MICHIGAN, and MICHIGAN DEPARTMENT OF NATURAL RESOURCES, | Case No. 1:20-cv-1142-JTN-RSK |
| Plaintiffs, | HON. JANET T. NEFF |
| v | |
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY PARTNERS, L.P., | |
| Defendants. _____ / | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO AMICUS CURIAE GOVERNMENT OF CANADA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

Plaintiffs (the State) submit this Brief in Opposition to Amicus Curiae Government of Canada's (Canada) Motion for Leave to File Supplemental Brief (ECF No. 76). Canada's Motion states that it wishes to file a supplemental brief in support of Defendants' (Enbridge) pending Motion for Leave to File Supplemental Brief (ECF No. 73) addressing Canada's recent invocation of the dispute resolution provision of the 1977 Transit Pipeline Treaty (ECF No. 76, PageID.1005). The Court is well aware of these issues, and Canada's proposed briefing largely repeats Enbridge's. For the reasons briefly outlined below, the State respectfully submits that this Court should (1) deny Canada's present motion because its proposed supplemental brief—like Enbridge's (ECF No. 73-1)—does not provide information legally relevant to the proper disposition of the pending motion to remand, and (2) reject Canada's legally unfounded suggestion that all proceedings in this case, including disposition of the pending motion for

remand, be held in abeyance pending further communications between Canadian and United States government officials regarding Line 5 pursuant to the 1977 Treaty.

First, neither the 1977 Transit Pipeline Treaty nor Canada's recent invocation of the dispute resolution process therein is relevant to the sole issue before this Court: whether it has jurisdiction over the State's case. The State made this point in its Brief in Opposition to Enbridge's most recent motion for leave to file a supplemental brief (ECF No. 75, PageID.1000–1001), which the State incorporates here to avoid repetition.

Second, Canada's motion and proposed supplemental brief do not even purport to address that threshold jurisdictional issue and indeed specifically decline to do so. (ECF No. 76-1, PageID.1010 at footnote 2.) As in its initial amicus brief (ECF No. 45), the interest asserted by Canada is that "*an order that requires the shutting down of Line 5* would create substantial and material questions at international law regarding the United States' compliance with its obligations owed to Canada under the 1977 Treaty." (ECF No.76-1 PageID.1010) (emphasis added.) But the State's pending motion to remand does not seek an order shutting down Line 5; it simply seeks a determination of this Court's jurisdiction.

Finally, Canada's suggestion that this matter should be held in abeyance pending completion of the dispute resolution process between the United States and Canada under the 1977 Treaty (ECF No. 76-1, PageID.1011) has no legal or factual basis. All that Canada offers in support of this suggestion is a concern that "[a] judicial shutdown order while the Article IX dispute resolution process is ongoing would undermine that process and the 1977 Treaty, and parallel judicial proceedings regarding a potential shutdown order while the Article IX process is ongoing would threaten to undermine it and would potentially involve wasteful duplication of effort." *Id*. But as noted above, Canada's speculative concern about a "judicial shutdown order"

is simply not implicated here; the issue now before this Court is whether to remand this case to state court, not whether to shut down Line 5. Nor would ruling on this jurisdictional issue entail "potential duplication of effort," since that question is distinct from and outside the scope of the 1977 Treaty.

In ruling on the State's motion to remand, this Court would simply fulfill its responsibility to determine the threshold issue of jurisdiction. It would not determine the merits of the State's claims or Enbridge's various defenses, including the alleged preemptive effect of the Treaty; those issues will be separately considered by whichever court is ultimately determined to have jurisdiction over the State's complaint. And the United States and Canada, the only parties to the Treaty, will remain free to proceed with dispute resolution in accordance with its terms.

## CONCLUSION

For the reasons set forth above, Canada has not shown good cause for leave to file a supplemental brief on the pending motion to remand because there have been no new relevant legal or factual developments. Therefore, this Court should deny Canada's motion for leave to file its proposed supplemental brief, reject the suggestion to hold proceedings in this case in abeyance, and grant the State's motion to remand.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs

3

|  |  |
|---|---|
|  | Environment, Natural Resources, and Agriculture Division<br>P.O. Box 30755<br>Lansing, MI 48909 |
| Dated:  November 12, 2021 | (517) 335-7664 |

LF:  Enbridge Straits (Dec & Inj Relief)(GOV)(DNR)WD/AG# 2020-0304222-B-L/Plaintiff's Brief in Opposition to Amicus Curiae's Motion for Leave 2021-11-12